LENT, EXRX., APPELLANT, *v.* THE NEW YORK, CHICAGO & ST. LOUIS RY. CO., APPELLEE.

(No. 3868—Decided March 16, 1942.)

Mr. *Charles R. Barefoot* and *Messrs. Deeds & Zeigin*, for appellant.

*Messrs. Williams, Eversman & Morgan,* for appellee.

OVERMYER, J. On January 15, 1940, at about 2:55 p. m., Charles W. Lent, the husband of appellant, was driving alone in his automobile through the city of Findlay, Ohio. While traveling westerly on Fair street, a brick-paved street 30 feet wide, which crosses the tracks of the defendant railroad company at grade, he drove the front end of his car upon the main track of the railroad and was struck by a train traveling northeasterly, resulting in his death.

The widow, as executrix of his estate, brought this wrongful death action for damages, alleging negligence in several respects on the part of the servants of the defendant railroad company. Issue was joined and upon the trial a verdict was returned in favor of the plaintiff. A motion for judgment notwithstanding the verdict and a motion for a new trial were thereupon filed by the defendant company and upon consideration the trial court granted the motion for judgment notwithstanding the verdict and reserved action on the motion for a new trial. The action of the court in granting the motion for judgment as above stated is the subject of this appeal and constitutes the error assigned.

The allegations of negligence charged the defendant with maintaining its crossing at Fair street in a defective and unsafe condition for travel by permitting holes, depressions and cavities to be and remain at and near the tracks so that the crossing was rough, uneven and unsafe, causing the automobile of decedent to stall upon the track; with failing to give the usual warnings by bell, whistle or other signals; with operating its train at excessive speed; with failing to have

the operator of its train keep a lookout; with permitting upon its right of way obstructions by way of buildings, poles, a fence and other stationary objects, which prevented decedent's seeing a train approaching from that direction until nearly at the track; and with failing to exercise ordinary care after seeing decedent in a position of peril upon the track.

The only eyewitnesses to the tragedy apparently were the engineer of the locomotive and a citizen living on the east side of Main street about 200 feet east of the crossing, who was looking from an upstairs window. These two and other witnesses testified as to the speed decedent traveled as he proceeded toward the crossing, which no one says was more than 15 miles per hour. The train had stopped at the Findlay station and then proceeded northeasterly, crossing four other intersecting streets before coming to Fair street, and the speed of the train as it approached Fair street was undisputedly not in excess of 25 miles per hour.

The question presented by this appeal is whether there are any facts and circumstances shown in the evidence upon which the jury could find and return a verdict in favor of the plaintiff executrix.

The plaintiff produced evidence that the defendant company had failed to keep in repair its crossing, and that it was, at the time here involved and for some time prior thereto, in disrepair.

One witness called by the plaintiff, testified:

"There was several cavities, holes in the—just as you go up to the crossing and before, probably was some of them six, eight inches long, some of them was down to the ties four inches. * * * About four inches down to the ties, I imagine they was, deep. I know I wouldn't just say they was four inches, but I say they was bad. * * * Well, I will say on the 13th [which was explained as January 13th, two days before the col-

lision here involved] I came over that crossing and broke a spring.''

He also said: ''I passed that before, it was cavities. * * * Some of them was around eight, ten inches back from the rail,'' and he testified that this condition had existed for two or three weeks before.

There was evidence tending to contradict the testimony thus offered by the plaintiff, which created a conflict on this subject of inquiry.

Section 8843, General Code, provides:

''Companies operating a railroad in this state, shall build and keep in repair good and sufficient crossings over or approaches to such railway, its tracks, side-tracks and switches, at all points where any public highway, street, lane, avenue, alley, road or pike is intersected by such railway, its tracks, side-tracks or switches; also good and sufficient sidewalks on both sides of streets intersected by their roads, the full width of the right of way owned, claimed or occupied by them. Crossings and approaches outside of municipal corporations, the township trustees shall have power to fix and determine as to their kind and extent, and the time and manner of constructing them.''

For the purposes of this appeal, whether a violation of Section 8843, General Code, is or is not negligence *per se,* is unimportant, for the reason that the defendant was charged thereby with the duty at least of exercising ordinary care to comply therewith; and there is evidence in the record from which a jury could find that the defendant had not kept the crossing in repair, that sufficient time had elapsed to give notice to defendant thereof and that the defendant not only had failed in that regard but also that its failure to exercise ordinary care in the maintenance of the crossing was the proximate cause of the death of the decedent.

All of the testimony shows that the train struck the front end of the automobile, and it is undisputed that the automobile was stopped upon the track when struck. Whether the automobile was "stalled" upon the track by reason of holes, cavities and other conditions of the crossing, as alleged in the petition, we are unable to say from this record; and whether if it had not "stalled" (if it did), the decedent might not have safely crossed the main track before the train arrived there, we are also unable to say. These were questions for the jury to pass upon.

An alleged violation of Section 8843, General Code, was involved and was discussed in an opinion by Judge Williams in the case of *B. & O. Rd. Co.* v. *Brown*, 36 Ohio App., 404, 173 N. E., 298, and the discussion has some application here.

Our conclusion is that there was a conflict in the evidence requiring a submission of the case to the jury, and that the court erred in entering judgment for the defendant notwithstanding the verdict. The judgment must be and is reversed and the cause remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed and cause remanded.*

LLOYD and GUERNSEY, JJ., concur.

GUERNSEY, J., of the Third Appellate District, sitting by designation in the Sixth Appellate District.